Provident Bank Stock Company, Appellant, v. E. Schafer *et al.*

**Pleading:** SUFFICIENCY OF ANSWER. *Motion for more specific statement.* Where plaintiff alleged that certain real property which he had attached was purchased by defendant and conveyed to his wife, who was a co-defendant, with intent to defraud creditors, an answer by the wife, who claims no affirmative relief, consisting of general and specific denials is sufficient, under Code, section 3566, subdivisions 2, 3, providing that the answer shall contain a general denial of the petition, or of knowledge sufficient to form a belief thereon, or a special denial of each allegation therein contained; and she cannot be compelled to set forth from whom she received the land, and to state the consideration.

*Appeal from Woodbury District Court.*—Hon. John F. Oliver, Judge.

Tuesday, January 30, 1900.

Originally this was a suit to foreclose a mortgage against defendant E. Schafer. In that action an attachment issued, which was levied on certain real estate. After the levy of the attachment, plaintiff filed a supplemental petition, in which he recited the issuance and levy of the attachment on real estate not covered by the mortgage, and pleaded that E. Schafer in fact purchased the same, but that the title thereto was taken in the name of Eugenia M. Schafer, his wife, for the purpose of cheating and defrauding his creditors. Eugenia M. Schafer was made a party to the proceedings, and plaintiff asked that the premises be decreed to be held by her in trust for her husband, that her title thereto be-

declared fraudulent, and that the plaintiff's lien be decreed
paramount and superior to any claim of the wife. The
defendants being nonresidents, service of notice was by pub-
lication. Defendants did not appear, and, in regular course,
plaintiff obtained judgment. Within the time authorized by
statute (Code, section 3796), defendant Eugenia M. Schafer
appeared and filed a motion to set aside the judgment and
decree, and with it an answer to the petition and a supple-
ment thereto. Plaintiff moved the court to require her to.
state more specifically in her answer certain facts, which will.
be hereafter noticed. The motion was overruled and the
appeal is from this ruling.—*Affirmed.*

*Wm. Milchrist* for appellant.

*Kean & Sherman* for appellee Eugenia M. Schafer.

DEEMER, J.—The statements found in defendant's:
answer to which plaintiff's motion was directed were, in
effect, general and special denials of certain allegations in
the supplemental petition. The allegations which were denied
recited the issuance and levy of the writ, and proceeded as
follows: Paragraph 2. Alleges that on or about the fifteenth:
day of February, 1897, the Lynchburg Trust & Savings Bank
was the owner of said premises levied upon under said writ
of attachment, and on said date the defendant E. Schafer pur-
chased said premises from said Lynchburg Trust & Savings:
Bank; but, for the purpose of cheating and defrauding plain-
tiff and other creditors, the said E. Schafer caused said.
premises to be conveyed to Eugenia M. Schafer, his wife,
who accepted title thereto with the intent and for the pur-
pose of aiding and assisting the said E. Shafer in cheating-
and defrauding his creditors. Paragraph 3 alleges that by
virtue of the levy of said writ of attachment the plaintiff
has a lien upon said premises that is paramount and superior ﹀
to the lien of the defendant Eugenia M. Schafer. The motion
was to require the defendant to state whether or not she was.

the owner of the property, and, if the owner, when and in what manner she acquired title, and the consideration paid; to fully and explicitly answer the allegations of the second paragraph of the supplemental petition; and to state from whom she received the consideration. It will be observed that defendant was not demanding affirmative relief. She was simply meeting the allegations of the petition and supplement, as she had a right to do. The statute provides, in substance, that a defendant served by publication may at any time within two years after the rendition of judgment appear and make defense, and thereupon the action shall be tried as if there had been no judgment. Had there been no judgment, it is clear that defendant's answer, consisting of general and specific denials, would have tendered an issue, and cast the burden on plaintiff to make out his case. As the plaintiff attacked the defendant's answer, the case must be treated as if a new trial had been awarded. Indeed, it appears from the record that defendant's motion to set aside the original judgment was sustained, and the cause was docketed for trial at a subsequent term. The motion attacking the answer was filed at this subsequent term. After the motion was overruled, the court, on plaintiff's motion, entered an order requiring the parties to take their evidence in writing, that plaintiff first take and file its evidence, and that defendant follow in a time fixed in the order. No evidence was taken by either party, and when the case was reached for trial certain admissions were made by the parties, and a decree was entered canceling and annulling the previous judgment and decree so far as it related to the attached property, and dismissing the supplemental petition. The denial interposed by defendant was authorized by the statute (Code, section 3566, subds. 2, 3), and applied to the allegations of fact made by the plaintiff. It is not vulnerable to the objection that it simply stated a conclusion. Hence the case of *Cottle v. Cole,* 20 Iowa, 482, relied upon by appellant, is not in point. There the denial was of a conclusion, and not

of a fact. *Thompson v. Cook,* 21 Iowa, 474, is not in point. There the petition stated a conclusion, rather than a fact, and it was held vulnerable to a motion for a more specific statement.

At the trial plaintiff offered no evidence to sustain the allegations of its supplemental petition, which, as we have seen, were denied by the defendant, and decree was entered as before stated. While this decree may have given defendant more than she was entitled to under the pleadings, yet plaintiff is in no position to complain, for the reason that it does not appear that it had any lien upon or interest in the property. Moreover, plaintiff does not raise the point that the final decree, as entered, is not justified by the pleadings. There was no prejudicial error, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.