ERNEST WRIGHT, Appellant, v. ALBERT FLATTERICH et al., Appellees.

No. 44134.

AUGUST 5, 1938.

Pike, Sias, Zimmerman & Butler, for appellant.

McCoy & Beecher, for appellees.

DONEGAN, J.—On October 9, 1935, Ernest Wright entered into a contract, entitled, ''Stock 'Share Agreement and Lease,'' with Albert Flatterich and Dorothy Flatterich, husband and wife, by the terms of which he leased to said Flatterich and wife 120 acres of land in Black Hawk county, Iowa, for the term of two years, from March 1, 1936, to February 28, 1938. This agreement contained further provisions under which it appears that the farm was to be operated in the manner of a joint enterprise. The Flatteriches went into possession of the leased premises and were in possession thereof under said written agreement on April 30, 1937. On that date Wright served notice on the Flatteriches to quit the leased premises and surrender possession thereof to him within three days. The Flatteriches remained in possession and, on May 4, 1937, Wright commenced this action of forcible entry and detainer. In addition to alleging facts substantially as above set forth, the petition stated that the defendants, on April 22, 1937, had orally offered to voluntarily terminate said lease and to quit and surrender the possession of the said premises to plaintiff forthwith, and that the plaintiff accepted said offer; that, at the same time and place, on defendants' demand, it was agreed that a settlement of all business matters between plaintiff and defendants be made by three arbitrators, one appointed by plaintiff, one by defendants, and the third by the two thus appointed, such arbitrators to meet on April 26, 1937, at nine o'clock a. m., on the leased premises, and proceed with such arbitration; that plaintiff and defendants each appointed an arbitrator, and plaintiff went with his arbitrator to the leased premises on April 26, 1937, to proceed with the arbitration agreed upon; but, that the defendants refused to proceed with such arbitration, refused to make any arrangements to quit and vacate the premises, and that they still refuse to quit

752

and surrender said premises and are wrongfully holding over after the termination of said lease.

Defendants' answer to the petition was in three divisions. Division 1 contained a general denial. Division 2 denied that the defendants, or either of them, received any consideration for the agreement alleged in plaintiff's petition. Division 3 alleged that the defendants have a leasehold interest in the land described in the petition; that they are married to each other and maintain and have maintained a home on forty acres of said land continuously since March 1, 1936; and that they are now maintaining said home and living upon said forty acres as their homestead. Plaintiff demurred separately to the second and third divisions of the answer on the following grounds:

"The plaintiff demurs to Division II of the Amended Answer for the reason that the mutual release of the plaintiff and the defendants from their respective obligations under the lease effected by the oral agreement pleaded in plaintiff's petition constitutes a valid and legally sufficient consideration for the agreement.

"The plaintiff demurs to Division III of the Amended Answer on the ground that the homestead rights of the defendants, if any they have or have had, in the real estate described in said Division III or in any part or parcel of said real estate, are not available or effective as against this plaintiff and are not a defense against this plaintiff in this action by him as owner of the premises."

On hearing, the trial court overruled the demurrer as to both grounds thereof, and the plaintiff elected to stand upon his demurrer and has appealed from said rulings.

I. The second division of defendants' answer denied that the defendants, or either of them, received any consideration for the agreement alleged in plaintiff's petition. Boiled down to its essential statements, the demurrer to this is, that plaintiff demurs because the mutual release of plaintiff and defendants from their respective obligations under the lease, which was effected by the oral agreement, constitutes a valid consideration for the oral agreement. The trial court disposed of this division of the demurrer by stating that, "Lack or want of consideration, if proven, is a good defense to any alleged contract." That this defense of lack of consideration was raised by the statement con-

tained in division 2 of the answer is apparent. Conceding that such defense might be attacked as insufficient, because of the manner in which it was pleaded, it does not follow that it was properly attacked by the demurrer filed by the plaintiff in this action. The demurrer does not admit even inferentially the truth of the statement of the answer to which it is directed, but, in effect, it denies the truth of such statement by asserting, in substance, that the statement of the answer is not true, because the statement of plaintiff's petition is true. It is not the function of a demurrer to be applied to pleadings in the manner that plaintiff would apply it. Traders Bank v. Alsop, 64 Iowa 97, 19 N. W. 863. We think the plaintiff has misconceived the essential nature and purpose of a demurrer. Whether or not division 2 of defendants' answer was vulnerable to attack as an insufficient pleading, because it stated a conclusion and not facts, we do not need to determine, because it was not attacked on that ground, and an attack on that ground could not be made by demurrer. As said in Dean v. Atkinson, 201 Iowa 818, at page 822, 208 N. W. 301, at page 302:

"A pleading which contains the statement of a conclusion, either of law or fact, is not a ground for demurrer. Provident Bank Stock Co. v. Schafer, 110 Iowa 440, 81 N. W. 689; Thompson v. Cook, 21 Iowa 472."

The trial court did not err in overruling plaintiff's demurrer to the second division of defendants' answer.

II. Division 3 of the defendants' answer alleged that defendants have a leasehold interest in the 120 acres of land, that they are married to each other and maintain a home on 40 acres of said land, and that they have maintained and are maintaining their home upon said 40 acres as their homestead. The demurrer to this division of the answer is, in substance, that any homestead rights of the defendants in the said land, or any part thereof, are not available against the plaintiff and are not a defense against the plaintiff in this action brought by him as owner of the premises. That tenants may have homestead rights under a leasehold interest is well established by the decisions of this court, as well as other courts, and is not questioned by the appellant. Appellant's position is that any rights of homestead of the defendants under their lease are effective as to creditors but are not effective against the lessor as owner of the superior title,

and that they are not a defense in this action because the term of the lease under which they arose was ended by the oral contract alleged in the petition. Appellees deny that the homestead rights of the defendants are thus limited, and contend that, under section 10147 of the Code, such rights could not be terminated by the oral agreement upon which appellant relies. Section 10147 is as follows:

"10147. Conveyance or incumbrance. No conveyance or incumbrance of, or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, and the instrument sets out the legal description of the homestead, * * *."

Appellant, in turn, meets this by citing section 10161, which is as follows:

"10161. Agreement for termination. Where an agreement is made fixing the time of the termination of the tenancy, whether in writing or not, it shall cease at the time agreed upon, without notice."

In support of his contention that the homestead rights of a tenant under a lease are not available as against the superior title of the lessor-owner, appellant quotes from 29 C. J., 847, sec. 159, to the effect that, "The homestead right (of a lessee) is no defense whatever in an action by the lessor to recover the premises," and cites the two cases referred to in the note in support of said statement, as well as Brown v. Keller, 32 Ill. 151, 83 Am. Dec. 258, and Wertz v. Merritt, 74 Iowa 683, 39 N. W. 103. In each of the cases cited, however, the tenant was attempting to assert homestead rights after the term of the tenancy had expired, and, the right to possession of the land as a tenant having expired, there could no longer be any right of homestead. As stated by the trial court in his opinion, the statement contained in 29 C. J. "no doubt, is the law in actions brought by a landlord against a tenant to recover possession of the premises on the ground of holding over after the expiration of the term," but, neither in this statement nor in the cases cited by the appellant do we find any support for appellant's contention that, during the term of a tenancy and before it has expired, the tenant cannot assert his homestead rights against the superior right of the lessor as owner.

In the instant case, however, there is also involved the question, whether there had been a termination of the tenancy. This action was brought as an action of forcible entry and detainer, on the ground that the defendants were holding over after the termination of the lease, and the basis of this contention is that the lease had been terminated by the oral contract alleged to have been entered into. Any contract, however, which would terminate the lease as to the part of the land claimed as a homestead, must be such as would terminate such homestead rights. Under section 10147, a contract terminating homestead rights must be in writing, must be executed by both husband and wife in the same joint instrument, and must set out the legal description of the homestead. The oral agreement relied on did not comply with these requirements. The trial court held that, because this agreement did not meet the positive requirements of the statute, it could not terminate the homestead rights and could not terminate the lease as to that part of the land in which the homestead rights existed. In other words, as there was no agreement by which the homestead rights of the defendants could have been terminated, the lease could not be terminated as to the part of the land held as a homestead, and, as to that part of the land, the defendants were not, therefore, holding over after the expiration of the term.

Appellant further argues that, because section 10147, by its express terms, has reference only to a conveyance or incumbrance of a homestead, it has no application to the oral agreement terminating the lease involved in this case. We are not inclined to place such a narrow construction upon this statute. Strictly speaking, it is probable that there could be no conveyance or incumbrance of the homestead right. A conveyance or incumbrance could only be of the land or the interest in land to which the homestead right applied. Neither appellant nor appellees have cited and we have not been able to find any case involving the precise question with which we are here confronted. In Lessell v. Goodman, 97 Iowa 681, 66 N. W. 917, 59 Am. St. Rep. 432, there was involved the forfeiture of a real estate contract. We are unable to see how such a forfeiture could be any more appropriately termed a conveyance or incumbrance than can the termination of the lease and homestead rights involved in this case. In that case, however, this court held that, although the title remained in the seller, the purchasers had a homestead

756

right in the purchased premises, and that a written acknowledgment of forfeiture signed by the husband alone was void under the statute requiring a conveyance of the homestead to be signed and acknowledged by both husband and wife. We think the purpose of the statute was to prevent the destruction of the homestead rights of married persons except in the manner prescribed by the statute.

In view of the public policy involved in our homestead statutes, the sanctity with which the legislature has attempted to surround and protect homestead rights, and the liberal construction which has been placed upon our statutory enactments in order to carry out the purpose of this legislation, we feel constrained to hold that the homestead rights of the defendants in this case were not terminated by the alleged oral agreement, and that, as to the part of the land claimed as a homestead, the defendants were not holding over after the termination of the lease.

We, therefore, find no error in the rulings of the trial court from which this appeal has been taken, and such rulings are hereby affirmed.—Affirmed.

MITCHELL, ANDERSON, MILLER, and STIGER, JJ., concur.

SAGER, C. J., takes no part.