### In re Paul R. HOWE, Bankrupt.
### No. PBK 73–54.

United States District Court,
N. D. Florida,
Pensacola Division.
Sept. 27, 1974.

James R. McAtee, Pensacola, Fla., for bankrupt.

George W. Estess and Alan H. Rosenbloum, of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum and Magie, P. A., Pensacola, Fla., for trustee.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This matter is before the court on appeal from the order of the Bankruptcy Judge that the bankrupt should turn over to the trustee in bankruptcy $15,000 readjustment pay received by the bankrupt upon his retirement from military service under Title 10, U.S.C. § 687. Debtor's petition was filed under 11 U.S.C. § 95(a) on September 10, 1973. Bankrupt was released from the United States Marine Corps on Decem-

ber 15, 1973, at which time he received the readjustment pay.

Bankrupt asserts four points of error as having been committed by the Bankruptcy Judge. The first point is the failure to find the readjustment pay was a lump sum payment for earned military retirement pay, and therefore exempt under 38 U.S.C. § 3101.

■ 10 U.S.C. § 687(a) provides for readjustment pay for a member of any reserve component involuntarily released from active duty, provided he has completed, immediately before that release, at least five years of continuous active duty. This payment is not only for the purpose of inducing reservists to remain on active duty for relatively short careers of ten to twelve years, but also to aid them upon re-entry into civilian life. It is a readjustment or severance pay. H.R.Rep. No. 1007, 87 Congress, 1st Sess. 1 (1961). It is clear not only from the statute itself, but also from its legislative history, that the payment is not a lump sum payment for earned military retirement.

Beyond that, 38 U.S.C. § 3101, providing an exemption for veterans' benefits dispensed by the Veteran's Administration, could have no possible application here.

■ Another point raised, though not seriously argued, is that the lump sum payment should have been exempt under Florida Statute 222.11 in that the money received was wages due the head of a household. The payment was clearly not wages for services rendered in the past. See H.R.Rep. No. 1007, supra.

Another point presented is that the Bankruptcy Judge committed error in finding that bankrupt knew at the time he filed his petition he would be released from military service and would receive this readjustment pay.

In that connection I agree with the reasoning contained in the case of In Re: Hall, 16 F.Supp. 18 (W.D.Tenn. 1936). Under the Act, such knowledge on the part of the bankrupt is not material in determining what property shall be turned over to the trustee in bankruptcy. The real question for determination is whether the interest involved vests sufficiently in the bankrupt at the time he submits his debtor's petition to be property appropriate for turnover to the trustee. Such knowledge on the part of the bankrupt is, under the Act, immaterial to that determination.

■ The other contention of the bankrupt is that the Bankruptcy Judge erred in finding the $15,000 readjustment pay received in December, 1973 had vested in the bankrupt at the time of the filing of the petition for bankruptcy on September 30, 1973 so that, under the Act, it became the property of the trustee.

Under 10 U.S.C. § 687, the readjustment payment is not due and payable until release from active duty. The question here presented is whether, notwithstanding such, readjustment pay was property in which he had such a vested right at the time of filing of the petition that, under 11 U.S.C. § 110, title to it goes to the trustee.

The trustee contends decision had been made prior to the filing of the bankruptcy petition to release the bankrupt from active duty, that he had been informed of the decision, that he had done all that he was required to do prior to the adjudication of bankruptcy to be entitled to it, and that it was, therefore, vested in him at the time the petition was filed. Bankrupt contends that, under the Act, there is created no vested right to the compensation prior to its payment. The parties have not cited any definitive precedent on these contentions, nor did the Bankruptcy Judge in his order. And I have found, and know of, none.

In Pennie v. Reis, 132 U.S. 464, 10 S. Ct. 149, 33 L.Ed. 426 (1889), cited by the bankrupt, a change by the state legislature in an act creating a police and health insurance fund prevented a payment from the fund, even though a deceased officer had been required, under the law, to contribute to it, because the

legislature possessed the power to amend or repeal that act at any time.

In view of the foregoing, I reach the conclusion that any right the bankrupt had to readjustment pay at the time he filed his petition was contingent and not vested within the meaning of the Act, and so remains the property of the bankrupt.

Order will be entered in accordance with the foregoing.