**In re Kenneth Wayne CARSTENS and Sandra Beth Adams Carstens dba Carstens Contractors aka Ken Carstens Construction dba Shaklee Distributor fdba Ken San Sales, Debtors.**

**In re Lawrence Leroy HANSEN aka Leroy Hansen and Patricia Ann Wisecup Hansen aka Pat Ann Wisecup Hansen, Debtors.**

**Bankruptcy Nos. 80–04005, 80–04019.**

United States Bankruptcy Court, N. D. Iowa, W. D.

Jan. 26, 1981.

John F. Pirog, Sioux City, Iowa, for debtors.

W. J. Giles, III, trustee, pro se.

## MEMORANDUM

WILLIAM W. THINNES, Bankruptcy Judge.

The two cases before the Court present a common question of law. In each of their schedules, the husband-debtor elected to claim his exemptions under Iowa law and claim the entire homestead as exempt. The wife-debtor in each petition elected to choose the Federal exemptions prescribed in 11 U.S.C. § 522(d). The debtors maintained that even though the husband-debtor has claimed the entire homestead as an exemption, the wife-debtor is entitled to claim as an exemption her aggregate interest in the homestead not to exceed $7,500 in the homestead pursuant to § 522(d)(1). Their position is that since the husband has claimed the entire homestead as exempt under State law, the wife's homestead exemption is unused under § 522(d)(1) and therefore the wife is entitled to claim the $400 under § 522(d)(5) plus the unused real estate exemption of $7,500 or a total of $7,900 under § 522(d)(5).

It is the Trustee's contention that the husband-debtor is entitled to claim only one-half of the homestead as exempt property since legal title in each case is held in joint tenancy with the right of survivorship. The question, then, is whether a party who holds legal title as a joint tenant is entitled to claim the entire homestead as an exemption under Iowa law or whether the joint tenant is limited to a claim of one-half of the homestead as exempt to him or her.

Pursuant to § 522(m) of the Bankruptcy Code, each debtor in a joint case is entitled to his or her individual exemptions. Each debtor may choose the Federal exemptions set out in § 522(d) or may opt for the exemptions to which he or she is entitled under other Federal law and the law of the state of his or her domicile. 3 *Collier on Bankruptcy* (15th ed. 1979), § 522.02.

The husband-debtor in each of these cases chose exemptions permitted under Iowa law. Iowa Code § 561.16 provides for a homestead exemption.

The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale where there is no special declaration of statute to the contrary, and such right shall continue in favor of the party to whom it is adjudged by divorce decree during continued personal occupancy by such party.

■ It is public policy of the State of Iowa as expressed by its legislature and courts to jealously safeguard homestead rights. *Wright v. Flatterich*, 225 Iowa 750, 756, 281 N.W. 221, 223 (1938). Homestead laws in Iowa are designed to provide a margin of safety to the family, not only for the benefit of the family but also for the stability and social benefit which accrues to the State by having families secure in their homes living beyond the reach of economic misfortune. *Hostetler v. Eddy*, 128 Iowa 401, 406, 104 N.W. 485, 487 (1905). *In re Maxson*, 170 F. 356, 360 (N.D.Iowa 1909). *In re Marriage of Tierney*, 263 N.W.2d 533, 534 (1978).

■ There can be no splitting of homestead rights. To do so would lead to intolerable results. *Merchants Mutual Bonding Company v. Underberg*, 291 N.W.2d 19 (Iowa 1980). To allow a joint tenant to exempt only a portion of the homestead would permit a creditor or trustee to obtain levy and execution upon the remainder of the homestead, a result which is in contravention to the established public policy of the State of Iowa. It is just as destructive of family security to lose a portion of the homestead as to lose all of it. The position of the Trustee is that *Merchants* is inapposite to the cases now before this Court, because there is no such splitting of homestead rights where both husband and wife are debtors under the Bankruptcy Code, and both their interests in the homestead are subject to the claim of the Court. This Court disagrees with the Trustee's position. In *Merchants*, the Iowa Supreme Court noted that "Homestead rights are purely statutory and get their vitality solely from the provisions of legislative enactment." Under Iowa law, if one of the joint tenants' homestead interest is not subject to execution, the entire homestead is exempt to that joint tenant and creditors may not sell or execute upon the homestead to satisfy the obligations of the other joint tenant. The husband-debtor, as one of the joint tenants, is entitled to a homestead exemption under Iowa law, and, by his claim of such exemption, the entire homestead becomes exempt to him. The wife-debtor's exemption must then be considered separately.

■ The homestead exemption attaches to the undivided interest of a tenant in common. *Sieg v. Greene*, 225 F. 955, 79 Ann.Cas. 1917 c 1006 (8th Cir. 1915) aff'd 227 F. 41 (8th Cir. 1915). Just as tenants in common have the right to occupy every parcel of the lands of the cotenancy, a joint tenant has an undivided interest and has the right to occupy every parcel of the lands subject to the joint tenancy.

In *Livasy v. State Bank of Redfield*, 185 Iowa 442, 170 N.W. 756 (1919), the Iowa Supreme Court held that a judgment debtor's homestead interest in land was exempt even though her interest in the land was not segregated from that of her cotenants. The Court in *Livasy* quoted *Kaser v. Haas*, 27 Minn. 406, 7 N.W. 824 (1881):

A tenant in common or joint tenant has, by reason of his estate or interest, a right to the possession, to the exclusive possession, as against all the world but his cotenant. His exclusive possession is rightful, except as against the demand of his cotenant, to be let into joint possession. The fact that the cotenant may, if he chooses, disturb such exclusive possession cannot affect the right to the undisturbed possession as against everyone else, nor affect the right as against all the world but the cotenant to occupy the premises as a homestead. We are unable to see much force in the reason assigned by some of the courts for denying the homestead right to the owner of only an undivided interest in the estate, to-wit: that it would be practically impossible to

set off for him any specific portion which might not on partition fall to his cotenant.

■ Because a cotenant or joint tenant is entitled to occupy the premises along with other cotenants or joint tenants, to permit a creditor or trustee to satisfy the estate's debts from a portion of the homestead would lead to cumbersome and unworkable results. To hold that a husband-debtor has only a half interest in the exempt homestead and the other half is subject to levy and execution creates a situation which defeats the public policy behind the homestead laws. This Court therefore holds that a party who holds legal title as a joint tenant can claim the entire homestead as an exemption under Iowa Code Section 561.16.

The husband-debtor in each of the cases having been entitled to claim the entire homestead as an exemption, the wife-debtor is entitled to choose the federal exemptions enumerated in 11 U.S.C. § 522(d). Paragraph (1) of subsection (d) allows the following exemption:

(1) The debtor's aggregate interest, not to exceed $7500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or dependent of the debtor.

Furthermore, paragraph (5) of subsection (d) permits the debtor to exempt:

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

Therefore, the wife-debtor can utilize her aggregate interest in the homestead, not to exceed $7500 in value, to exempt any property, because she has used none of the homestead exemption to which she is entitled pursuant to § 522(d)(1).

Although it may appear that the Debtors in each of these cases have been permitted to reap a windfall in exemptions, the final version of Section 522 represents a compromise between the position taken in the House bill and that taken in the Senate amendment. Originally the Senate expressed its concerns:

Such a provision in joint cases would result in a husband choosing State exemptions while a wife might choose Federal exemptions. Together, they could thus retain after bankruptcy, very substantial amounts of property, while their debts would have been discharged. The committee feels that the policy of the bankruptcy law is to provide a fresh start, but not instant affluence, as would be possible under the provisions of H.R. 8200.

*S.Rep.No.95-989*, 95th Cong. 2d Sess. (1978) 6, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5792.

The compromise provided that the dollar amounts of certain exemptions in 522(d) of the House bill would be reduced and that the states may, by passing a law, determine whether the Federal exemptions will apply as an alternative to state exemptions in bankruptcy cases. *124 Cong.Rec.* H 11,095 (Sept. 28, 1978); S 17,412 (Oct. 6, 1978). The House bill originally provided that the amount of the homestead exemptions would be $10,000; in the compromise the dollar amount was reduced to $7500. *H.Rep. No.595*, 95th Cong., 1st Sess. (1977) 361, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6317. The State of Iowa has enacted no law which eliminates the Federal exemptions prescribed in § 522(d). It is clear that the exemptions claimed by the husband and wife in each case were in fact contemplated and approved by Congress.