In re Bruce C. BERNSTEIN,
Trustee, Plaintiff,

v.

Petrillo Cordell RICHARDSON,
Debtor-Defendant.

Adv. No. 83 M 1770.

United States Bankruptcy Court,
D. Colorado.

Nov. 15, 1983.

Bruce Bernstein, pro se.

Edward I. Cohen, Denver, Colo., for debtor-defendant.

## FINDINGS OF FACT, CONCLUSIONS AND ORDER ON COMPLAINT FOR TURN OVER

JOHN F. McGRATH, Bankruptcy Judge.

This matter is before the Court on the Trustee's Complaint for Turn Over of Property.

The Trustee contends that accrued but unpaid annual leave of the Debtor is property of the estate under 11 U.S.C. § 541. Since the Debtor is entitled to an exemption pursuant to C.R.S. 5–5–105 and 13–54–104 (1973) of 75 percent of unpaid wages, the Trustee believes the Debtor should pay to the estate $579.54 (25 percent of $2,318.14, the amount accrued at the time of filing).

The Debtor requests that the Court find that the accrued vacation pay is not property of the estate since he would have to resign to collect the cash equivalent. Further, this fund should be exempt in order to provide the Debtor with a fresh start.

The question before the Court, therefore, is whether the accrued annual leave of the Debtor is property of the estate under 11 U.S.C. § 541.

The Supreme Court addressed this issue in *Lines v. Frederick,* 400 U.S. 18 (1970). The Court held, under § 70a(5) of the Bankruptcy Act, that the earned but unpaid vacation pay did not vest in the trustee.

However, subsequent to the *Lines* case and previous to the case before this Court, the new Bankruptcy Code was enacted. Section 541 of the new Code replaces section 70a(5) of the Act. There are very definite differences between the two sections. Section 70a(5) delineated certain types of property which would become property of the estate. Section 541 provides that all legal or equitable interests of the debtor in property as of the commencement of the case are property of the estate. This new provision is much broader and includes all kinds of property, both tangible and intangible, causes of action, and all other types of property formerly specified in section 70a. *4 Collier on Bankruptcy,* ¶ 541.01 at 541–5 (15th Ed.1979), *In re Boyd,* 11 B.R. 690 (Bkrtcy.W.D.Va. 1981).

Since section 541 does not specifically mention accrued vacation pay, the Court can refer to the legislative history of the section to deduce what Congress intended. The exact issue was addressed by Congress at H.R.Rep. No. 95–595 at 368, U.S.Code Cong. & Admin.News 1978, 5787. Congress, in referring to 541 stated: "Paragraph (1) also has the effect of overruling *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970)." It is obvious that this Court can go no further since Congress was quite specific. This Court can find only one case that even mentions this issue and that court also took what Congress stated at face value. *Matter of Nichols,* 4 B.R. 711 (Bkrtcy.E.D.Mich.1980).

Therefore, the accrued vacation pay is property of the estate, subject to whatever exemptions the Debtor is entitled to take.

WHEREFORE, IT IS ORDERED that the Debtor turn over to the Trustee the sum of $579.54.