In re Daryl L. SZABO, Debtor.

John J. HUNTER, Trustee, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 85–0095.
Related Case: 84–00432.

United States Bankruptcy Court, N.D. Ohio, W.D.

March 25, 1986.

John J. Hunter, Toledo, Ohio, for trustee.

Verne K. Armstrong, Toledo, Ohio, for U.S.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motions For Summary Judgment filed by both the Plaintiff and the Defendant in the above entitled adversary action. The parties have submitted their written arguments regarding these Motions and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that Summary Judgment should be GRANTED, and that Judgment should be entered for the Defendant.

## FACTS

The facts in this case do not appear to be in dispute. The record reflects that the Debtor served in the United States Marine Corps between the years 1973 and 1975. As a result of medical problems which arose during his tour of duty, the Debtor was discharged from the service and was awarded certain Veterans Administration benefits. Among these benefits was a life insurance policy established and administered under the provisions of 38 U.S.C. Section 722(a). This section allows a veteran to establish a life insurance policy up to the amount of Ten Thousand and no/100 Dollars ($10,000.00). Premiums for this policy are paid, in part, by the veteran, with the remaining portion of the premium paid by the Veterans Administration. The policy builds a cash surrender value throughout the veteran's lifetime and may be redeemed in by the veteran at any time prior to maturity or upon maturity. A veteran is not entitled to reinstitute coverage under this program. If a policy lapses for nonpayment of premiums or is redeemed, no further participation in the program is permitted. The value of the Debtor's policy, as of the time of filing, was approximately One Thousand and no/100 Dollars ($1,000.00). The program does not issue dividends to the veteran.

The Debtor filed his voluntary Chapter 7 Petition with this Court on March 21, 1984. Although not reflected on the schedules filed with that Petition, the Debtor disclosed his interest in this policy. In an effort to recover the cash surrender value for the benefit of the Debtor's creditors, the Trustee-Plaintiff has filed this adversary action. In this case, the Trustee asserts that the insurance policy is part of the estate, and as the Trustee of that estate, he is entitled, under the provisions of the Bankruptcy Code, to exercise the Debtor's right to redeem the policy. The Debtor contends that the policy is exempt from the estate pursuant to the provision of Title 38. It should be noted that the Debtor did not list the policy as an exemption.

## LAW

■ The provision of 11 U.S.C. Section 541(a) states in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

Under this provision, a life insurance policy owned by a debtor and any cash surrender value becomes property of the estate. *See,*

*In re Pealman,* 16 F.2d 20 (2nd Cir.1926), *Fisher v. Insurance Co. of the State of Pennsylvania (In re Pied Piper Casuals, Inc.),* 50 B.R. 549 (Bkcy.S.D.N.Y.1985).

The provisions of 11 U.S.C. Section 522(b) state in pertinent part:

(b) Notwithstanding section 541 of this title ... an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ...

Under these provisions a debtor may exempt from the estate any rights or interests which are made exempt under the provisions of any United States statute, and the exemptions made available under state law. *See, In re Gustinis,* 16 B.R. 108 (Bkcy.E.D.Va.1981), *In re Carstens,* 8 B.R. 524 (Bkcy.N.D.Iowa 1981), 3 *Collier on Bankruptcy* 15th ¶ 522.21. Although Ohio has "opted-out" of the Federal exemption scheme set forth in 11 U.S.C. Section 522(d), *see,* Ohio Revised Code Section 2329.662, this preclusion does not prevent a debtor from asserting an exemption which is available under statutes other than 11 U.S.C. Section 522(d). The provision of 11 U.S.C. Section 522(b)(2)(A) specifically authorize a debtor, who resides in a state that has opted-out, to claim an exemption in property that is made exempt under both State law and Federal law other than 11 U.S.C. Section 522(d). Even if it were to operate in a fashion which would preclude the use of exemptions under other "Federal law", the provisions of the Ohio Revised Code Section 2329.66(A), which state in pertinent part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(16) Any property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 101 et seq., as amended.

specifically allow a debtor to exempt property which is made exempt under other federal statutes.

The provisions of 38 U.S.C. Section 3101(a) state in pertinent part:

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration ... shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary ...

This section renders exempt from creditors any benefits administered by the Veterans Administration which are to be paid to or received by a veteran.

■ In the present case, it is readily apparent that the insurance policy is available to the Debtor through the Veterans Administration. It is also apparent that if this policy is protected by the provisions of 38 U.S.C. Section 3101(a), it may be held exempt as an exemption provided by Federal law, pursuant to 11 U.S.C. Section 522(b)(2)(A) and Ohio Revised Code Section 2329.66(A)(16). Therefore, the dispositive question in this case is whether the policy in question is afforded the protection available under 38 U.S.C. Section 3101(a). States specifically, the question is whether the policy in question is a benefit which is "due or to become due under any law administered by the Veterans Administration."

In resolving this question, the Court recognizes the well recognized principle that a liberal interpretation must be accorded any statute which addresses veterans benefits. *Porter v. Aetna Casualty & Surety Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407

(1962). In that regard, it must be noted that the availability of this policy is limited to those persons who have served in the armed forces of the United States. 38 U.S.C. Section 767. It is beneficial to those persons, inasmuch as it provides their dependents and beneficiaries with some financial security in the event of the veteran's death. It also provides a means by which a veteran can support himself and his dependents in the event of unforeseen financial difficulties or further disability. These purposes are consistent with those contemplated by the legislature when the exemption was created. *Porter v. Aetna Casualty & Surety Co.,* supra. These purposes are made especially applicable in the present case, in view of the Debtor's existing partial disability. Although similar policies are available to the general citizenry through private companies, the policy in question was offered to the Debtor as a result of his military service and is available at a reduced rate. Furthermore, the Veterans Administration subsidizes these policies and supervises their administration. They also offer an automatic deduction of the insured's premium from other benefits to which the insured is entitled.

In view of the limited eligibility for the policies, the liberal construction accorded to Veteran's legislation, and the benefits it affords to a veteran, it must be concluded that such insurance policies are a "benefit due" as contemplated by the provisions of 38 U.S.C. Section 3101(a). Inclusion in the protection afforded by that section allows the Debtor to claim an exemption in the policy under the provisions of both 11 U.S.C. Section 522(b)(2)(A) and Ohio Revised Code Section 2329.66(A)(16). Since the exemption is properly asserted, it must also be concluded that the Trustee is not entitled to recover the cash surrender value of the policy.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motions For Summary Judgment be, and are hereby, GRANTED.

It is FURTHER ORDERED that Judgment be, and is hereby, entered for the Defendant.