In the Matter of Walter L. HESTER, f/d/b/a Walter Hester Insurance Agency and Carol Hester, Debtor.

George T. HADLEY, Trustee, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Frederick Larry Linville, Mary Louis Linville and State Farm Insurance Company, Defendants.

Bankruptcy No. 83–2444.
Adv. No. 84–260.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 16, 1986.

Jary C. Nixon, Tampa, Fla., for plaintiff.

George T. Rita, Washington, D.C., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 adversary proceeding is a Complaint for Turnover pursuant to 11 U.S.C. § 363, filed by George T. Hadley, Trustee of the Chapter 7 estate (Trustee). The Trustee and the Defendant, The United States of America, Internal Revenue Service (Government) have filed Cross-Motions for Summary Judgment, alleging that there are no genuine issues of material fact and that the issues may be decided as a matter of law. The underlying facts, as they appear from the record, are undisputed and are as follows:

Walter L. Hester (Debtor) is a former insurance agent who, prior to his retirement, sold insurance for State Farm Mutual Automobile Insurance Company (State Farm). Upon his retirement in May of 1980, the Debtor and State Farm entered into a "State Farm Agent's Agreement" which provided, inter alia, that the Debtor was to receive monthly termination in pay in varying amounts of approximately $800 for a period of 5 years. The termination pay was for commissions for general liability and life insurance policies previously sold by the Debtor which were still in effect. State Farm made these monthly payments to the Debtor until March of 1982, when Fredrick and Mary Linville (Linvilles) filed an attachment summons in the General District Court of Albemarle County, North Carolina, and attached the Debtor's interest to the extent of their claim against the Debtor. When the attachment was served on State Farm, State Farm froze the Debtor's account and held the termination pay in escrow until July 15, 1982 when pursuant to an agreement between the Debtor and the Linvilles, the Debtor authorized State Farm to turnover the termination pay checks to the Linvilles' attorney. The Linvilles' attorney, who had been given a limited power of attorney by the Debtor, endorsed the checks and paid out part of the proceeds to the Linvilles and part to the Debtor. Because of this ar-

rangement, the attachment was dismissed in July, 1982.

In November, 1982, the Government filed a notice of levy against State Farm, levying against all right to property, money, and credits belonging to the Debtor and being held by State Farm. Because of the prior attachment and the current payment arrangement between the Debtor and the Linvilles, State Farm froze the Debtor's account and placed the accruing sums of money in escrow. On November 23, 1983, the Debtor filed his Petition in Bankruptcy in this Court.

In June of 1984, the Trustee filed this Complaint for Turnover and named as defendants the Government, the Linvilles, and State Farm. State Farm has not filed an answer to the Complaint and is currently in default. The Trustee represented to this Court that the controversy with the Linvilles has been compromised, so that the only parties at issue now are the Debtor and the Government.

The precise question that this Court must answer is whether the Government's notice of levy was sufficient to attach a tax lien on property the Debtor was to receive in the future. A federal tax lien gives the Internal Revenue Service no greater right to property than the taxpayer himself has at the time the tax lien arises. *United States v. Durham Lumber Company*, 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (1958); *St. Louis Union Trust Company v. United States*, 617 F.2d 1293 (8th Cir. 1980). Furthermore, 26 U.S.C. § 6331(b) provides that the underlying levy shall extend only to property possessed and obligations existing at the time of the levy. *Wagner v. United States*, 573 F.2d 447 (7th Cir.1978).

■ Applying this law to the facts of this case, this Court is satisfied that the Government's levy did not attach to the termination pay until the Debtor had a right to receive it. The amount of termination the Debtor was to receive was determined monthly and was based on commissions earned on policies remaining in effect during that month. The Debtor's right to the property did not accrue until the commissions were earned, and the Debtor had no right to immediate collection of commissions that were to be earned in the future. Accordingly, the Government's levy attached to the termination pay only as it accrued and did not attach to the payments which were to be earned in the future. When the Debtor filed his Petition under Chapter 7 in this Court on November 23, 1983, the right to receive the termination pay became property of the estate and the Government's lien on termination pay which was to be earned in the future was precluded by the automatic stay provisions of § 362(a)(4).

■ Based on the foregoing, this Court is satisfied that the Government has a claim against the escrowed funds for the monies which accrued up to the filing of the Petition on November 23, 1983, and the Trustee is entitled to all funds deposited in escrow after November 23, 1983. Unfortunately, this record is devoid of evidence as to the precise amount in the escrow account at the time the Petition was filed or the amounts deposited post-petition. Furthermore, the amount of taxes owed by the Debtor has not been established, and the Trustee contends that the Government is claiming post-petition penalties and interest, to which the Government is not entitled. It therefore appears appropriate to grant the Trustee's Motion for Summary Judgment in part and deny it in part; grant the Government's Motion for Summary Judgment in part and deny it in part; and set this cause for final evidentiary hearing on the limited issue of determining the amount of funds held in escrow by State Farm on November 23, 1983, and the amount of the Government's claim against the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment be, and the same is hereby, granted in part and denied in part, and the Trustee be, and the same is hereby entitled

to all funds deposited in escrow after November 23, 1983. It is further

ORDERED, ADJUDGED AND DECREED that the Government's Motion for Summary Judgment be, and the same is hereby, granted in part and denied in part, and the Government be, and the same is hereby entitled to a claim against the escrowed funds deposited prior to November 23, 1983. It is further

ORDERED, ADJUDGED AND DECREED that this cause shall be set for final evidentiary hearing on the limited issue of determining the amount of the funds held in escrow by State Farm as of November 23, 1983, and the amount of the Government's claim against the Debtor on October 27, 1986 @ 10:45 a.m.