**In re Glenn Alan DENNISON, Debtor.**

**Bankruptcy No. 86–03443–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 2, 1988.

Chad P. Pugatch, Ft. Lauderdale, Fla., for debtor.

Mark D. Grossman, Crawford & Keefe, P.A., Coral Gables, Fla., for trustee.

Irving E. Gennet, Boca Raton, Fla., trustee.

### ORDER ON TRUSTEE'S MOTION FOR TURNOVER

THOMAS C. BRITTON, Chief Judge.

The chapter 7 trustee has moved (CP 13, 14 and 15) for an order requiring the debtor to turn over (1) refund of pre-paid insurance premiums from a disability insurance policy which was in effect at the time of filing this chapter 7 bankruptcy petition and (2) severance pay from teams in the National Football League. The debtor disputes that the requested sums are property of the estate and, alternatively, claims that the items are exempt property. The matter was heard on October 20, 1987.

*Insurance Premiums*

■ The debtor is a beneficiary of a single incident disability policy which would be payable should he become injured and unable to perform his duties as a football player. The debtor has been requested by the trustee to cancel the policy and receive pre-paid premiums in an unspecified amount.

It has been suggested by one court that: "the debtor had no property right in any refund of unearned insurance premiums at this time because the insurance policies had not yet been cancelled ... Upon cancellation of the policies after conversion to chapter 7, the right to the refund vested in the trustee." *In re Duke Roofing Co., Inc.*, 47 B.R. 990, 993 (E.D.Mich. 1985).

In that case, the corporate debtor voluntarily cancelled its policies when it ceased operation of its business. This decision does not resolve the issue relevant to the facts before me of whether the property right to the refund can be generated by the trustee's requiring the debtor to involuntarily cancel the policy's coverage.

Although, it is clear that the law in this Circuit is that: "the trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed, including actions 'arising from contract' such as any rights [the debtor] may have had under his contract of insurance," *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556, 1559 (11th Cir.1985), consideration of the trustee's right to turnover of the refund in this instance is done in the context of the debtor's claim of an exemption for disability benefits pertaining to this policy.

The debtor claims the exemption under *Fla.Stat.* § 222.18 which provides that: "Disability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not in any case be liable to attachment, garnishment, or legal process in the state, in favor of any creditor or creditors of the recipient of such disability income benefits, unless such policy or contract of insurance was effected for the benefit of such creditor or creditors." The debtor may claim this State exemption in accordance with 11 U.S.C. § 522(b)(2)(A).

Even given the broadest interpretation of the property rights of the debtor which pass to the trustee under § 541(a), forcing the debtor to execute documents for the cancellation of this policy, which for the sake of argument I assume the trustee may do under the rationale of *Miller v. Shallowford, Id.*, I agree with the debtor that after coming into the estate, the property rights incident to this insurance policy may be claimed as exempt. One of the cases relied upon by the trustee, *Hunter v. United States (In re Szabo)*, 60 B.R. 144 (Bankr.N.D.Ohio 1986), reaches this same result, allowing the debtor to claim an exemption for a life insurance policy where the trustee asserted his right to redeem the policy to recover the cash surrender value.

The disability insurance policy which is the source of benefits should be subject to the same claim of exemption as the benefits. In the dearth of decided cases on this issue, and relying on a case decided in this district under the former Bankruptcy Act where the court concluded that Section 222.18 exempts only those disability benefits that have not been paid to beneficiaries, I agree with the debtor that the exemption applies and he is entitled to retain the policy for the protection it provides in the event of a future disability. *Matter of Prestien*, 427 F.Supp. 1003, 1005–06 (S.D.Fla.1977) (lump-sum payment deposited in bank account denied exemption on alternative ground of fraud).

*Severance Pay*

■ At the time of filing his bankruptcy petition the debtor listed his occupation as a "professional athlete (football) ... not employed at present time." The debtor's right to severance pay is in accordance with the terms of the 1982 National Football League Players' Collective Bargaining Agreement which provides: "severance payment will be paid to the player immediately following the third

game of the NFL regular season next following the player's leaving the National Football League or any other professional football league, whichever occurs later."

The trustee's application for turnover recognizes the fact that the debtor is not currently entitled to receive his $10,000 severance pay, but the trustee claims as an asset of the estate the right to receive this sum which is vested at the time of filing the petition. The trustee seeks turnover of the $10,000 "whenever that severance pay is in fact received."

The debtor disputes that his right to the severance pay is vested and accrued, and, therefore, claims that it is not property of the estate. Alternatively, the debtor claims that the payment which apparently would be made in a lump sum is exempt as wages under *Fla.Stat.* § 222.11. The debtor has cited no authority for his position and I find the argument unpersuasive and contrary to settled law.

Under § 541(a) all legal or equitable interests of the debtor are property of the estate, including actions arising from contract. *Miller v. Shallowford, supra,* at 1559 (11th Cir.1985). *See also Hadley v. Internal Revenue Service (In re Hester),* 65 B.R. 542, 544 (Bankr.M.D.Fla.1986).

In response to the debtor's claim of exemption for wages, the trustee cites a statement from a footnote in a case from this Circuit that the only exemptions available in Florida are the homestead exemption and the $1,000 personal property exemption. *Matter of Wilson,* 694 F.2d 236, 237 n. 1 (11th Cir.1982). However, this statement is taken out of context, and the trustee overlooks the additional state exemptions made applicable under § 522(b)(2)(A).

Notwithstanding the trustee's faulty argument, I find that the exemption for wages is not applicable to lump-sum severance pay.

There is ample authority viewing severance pay in its various forms which clearly establishes that the payment due the debtor has none of the characteristics of "wages." *Harrington v. Limbey (In re*

*Harrington),* 70 B.R. 301, 303 (Bankr.S.D. Fla.1987) (retirement fund not wages); *In re Phillips,* 45 B.R. 529, 532 (Bankr.N.D. Ohio 1984) (periodic severance benefits similar to wages distinguishing lump-sum severance pay); *In re Howe,* 381 F.Supp. 1025, 1026 (N.D.Fla.1974) (lump-sum readjustment or severance pay not wages and not property of estate under former Act).

Accordingly, the debtor's contract right to receive severance pay in the amount of $10,000 is property of the estate and not exempt as wages.

### Conclusion

For the foregoing reasons, the trustee's motion to require the turnover of pre-paid insurance premium refunds is denied and the request for turnover of the debtor's severance pay is granted. Due to the uncertainty *only* as to the time of the severance payment in accordance with the terms of the collective bargaining agreement, the trustee is instructed to administer all currently available assets of the estate and proceed to close the estate subject to reopening to administer the $10,000 severance payment. Alternatively, to expeditiously conclude the administration and provide a maximum current distribution to creditors, the trustee has the authority to solicit offers for the purchase of the estate's interest in this $10,000 fund.