### In re Frederick Curtis MOULTON, Debtor.

### Gregory K. CREWS, Trustee, Plaintiff,

v.

### DELTA CONCRETE, INC., Defendant.

**Bankruptcy No. 88–878–BKC–3P7.**
**Adv. No. 88–273.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 13, 1990.

James A. Bledsoe, Jr., Jacksonville, Fla., for plaintiff.

Ronald W. Maxwell, Jacksonville, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint of the Chapter 7 trustee seeking to recover through quantum meruit the value of services rendered by the debtor to the defendant, and upon the evidence presented at trial, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

Between May 15, 1987, and April 26, 1988, the debtor, acting as a self-employed independent contractor, provided consulting services to defendant, Delta Concrete, Inc. (Delta Concrete). The sole shareholder and officer of Delta Concrete is Edie Moulton, the wife of the debtor.

George Holden, previously employed as foreman for Delta Concrete, testified that the debtor was his supervisor and that the debtor spent approximately 90 percent of the work week at Delta Concrete.

In this capacity the debtor performed various functions including making sales calls and job proposals, communicating with customers, purchasing and picking up supplies and materials, writing checks and estimating job costs. These services were the type of services provided by a job superintendent or manager for a business like Delta Concrete and were knowingly and voluntarily accepted as such.

During the time period in question, the debtor was paid only $770.00 from Delta Concrete for his services.

There was no compensation agreement between the debtor and Delta Concrete. However, the reasonable value of payment due the debtor is $19,075.00. This amount is computed using Delta Concrete's weekly salary for one employed as a foreman:

(a) $450.00/week × 49 weeks = $22,050.00
(b) $22,050.00 × 90% = $19,845.00
(c) $19,845.00 − $770.00 = $19,075.00

The debtor filed his petition seeking relief under Chapter 7 on April 26, 1988. He did not designate in his Statement of Financial Affairs any claims for exemptions for amounts owed by Delta Concrete to him.

## CONCLUSIONS OF LAW

■ The plaintiff/trustee is seeking to recover, through quantum meruit, the value of debtor's services for the benefit of his creditors. Quantum meruit recoveries are recognized in bankruptcy cases. *See, In re Hallmark Builders, Inc.,* 64 B.R. 301 (Bankr.M.D.Fla.1986).

Bankruptcy courts are inherently courts of equity with broad remedial powers. Principles of equity govern the exercise of bankruptcy jurisdiction. *In re Ranch House of Orange–Brevard, Inc.,* 773 F.2d 1166 (11th Cir.1985), *on remand* 78 B.R. 323 (Bankr.M.D.Fla.1987).

In achieving equity, the court may look through form to substance in determining the true nature of the transaction in question. *Pepper v. Litton,* 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939); *In re Bohlen Enterprises, Ltd.,* 78 B.R. 556 (Bankr.N.D.Iowa 1987); *In re Sasaki,* 71 B.R. 492 (Bankr.D.Hawaii 1987); *In re Pa-cific Express, Inc.,* 55 B.R. 913 (Bankr.E.D. Cal.1985).

The absence of a compensation agreement between the debtor and Delta Concrete does not defeat the plaintiff's claim. Under quantum meruit, he may recover, as trustee, the reasonable value of the debtor's services where such services were rendered for Delta Concrete's benefit, knowingly and voluntarily accepted by Delta Concrete, even though no express contract existed between the parties. *See,* 11 Fla. Jur.2d, *Contracts* § 228.

■ The law presumes that such services are given and received in expectation of compensation and will imply a promise to pay what they are reasonably worth. *Id.*

The contract is implied where one receives services from another under circumstances where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it. *Osteen v. Morris,* 481 So.2d 1287 (Fla. 5th DCA 1986).

■ In order to establish a prima facie case under quantum meruit, the plaintiff must prove the debtor's performance of the services and the reasonable value thereof. *Dean v. Blank,* 267 So.2d 670, 671 (Fla. 4th DCA 1972).

The debtor's performance of consulting services for Delta Concrete was conclusively shown by the plaintiff through the testimony of the debtor, Edie Moulton, Cathy Johnson, and George Holden, all present or former employees of Delta Concrete. The plaintiff further proved the nature and extent of the services provided by the debtor through such testimony and other competent evidence.

Under the facts of this case the Court finds an implied contract for the reasonable value of those services rendered by the debtor, since in the normal course of common affairs, a reasonable person receiving those services would ordinarily expect to pay for them.

The bankruptcy code provides that property of the estate consists of "... [a]ny interest in property that would have been an interest of the debtor on the date of the

filing of the petition...." 11 U.S.C. § 541(a)(5). This includes claims to receive compensation from others for pre-petition services. *See, In re Locke,* 99 B.R. 473 (Bankr.M.D.Fla.1989); *In re Dennison,* 84 B.R. 846 (Bankr.S.D.Fla.1988); *In re Moriarty,* 27 B.R. 73 (Bankr.M.D.Fla.1983); *In re Malloy,* 2 B.R. 674 (Bankr.M.D.Fla. 1980); *In re Bernstein,* 34 B.R. 611 (Bankr.D.Colo.1983).

There is no doubt that had the debtor received compensation for his services these funds would be part of the estate and could now be available to creditors.

The Court does not find it necessary under the facts of this proceeding to deal with any exemption rights of the debtor.

## CONCLUSION

The Court will enter Final Judgment in favor of the plaintiff.