**In the Matter of Billy Dale TYREE, Debtor.**

**Bankruptcy No. 89–2678–W.**

United States Bankruptcy Court, S.D. Iowa.

July 16, 1990.

---

Lloyd R. Bergantzel, Council Bluffs, Iowa, for debtor.

C.R. Hannan, Council Bluffs, Iowa, Chapter 7 trustee.

## ORDER—TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

RUSSELL J. HILL, Bankruptcy Judge.

On April 19, 1990, a hearing was held on Trustee's objection to Debtor's claim of exemption. The following attorneys appeared on behalf of their respective clients: Lloyd R. Bergantzel for Debtor and C.R. Hannan as Chapter 7 Trustee. At the conclusion of said hearing, the Court took the matter under advisement. The Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court, upon review of the pleadings, arguments of counsel, evidence admitted and briefs submitted, now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

1. On January 29, 1990, the Trustee filed an objection to Debtor's claim that his homestead located at 1319 Avenue H, Council Bluffs, Iowa, was exempt. Trustee contends that substantial debts existed at the time of the acquisition of the homestead and therefore his objection should be sustained.

2. On November 29, 1989, Debtor, Billy Dale Tyree, filed a voluntary Chapter 7 petition.

3. Debtor resides at 1319 Avenue H, Council Bluffs, Iowa, with his wife, Kay L. Tyree.

4. Kay L. Tyree has not sought relief under the Bankruptcy Code and is not the subject of an involuntary petition.

5. Debtor claimed his homestead valued at $27,000.00, as exempt pursuant to Iowa Code § 561.16 (1989).

6. Debtor described said homestead on Schedule B-1 as follows:

W 4 feet of Lot 4, and all of Lot 5, both in Block 14, Potter–Cobbs First Addition to the City of Council Bluffs, Pottawattamie County, Iowa.

7. Debtor purchased said homestead in May 1987, and the homestead is titled in Billy Dale Tyree and Kay L. Tyree, as joint tenants.

8. Debtor received $30,000.00 from his cousin, D.D. Tyree, in April 1987, to purchase this home. Debtor testified under oath that there was no agreement between himself and D.D. Tyree for the payment of this money, and D.D. Tyree does not have a security interest in the homestead or other property belonging to Debtor.

9. Debtor scheduled D.D. Tyree as an unsecured, liquidated creditor in the amount of $30,000.00.

10. Debtor acquired the following debts prior to the purchase of the homestead:

| | | |
|---|---|---|
| Chadron Federal Credit Union | June 1971 | $ 9,844.26 |
| First National Bank of Chadron | April 1982 | 16,500.00 |
| Platte Valley Federal Savings & Loan | June, 1983 | 4,427.20 |
| Charles T. Tyree | July 1982 | 8,000.00 |

There is nothing in the record to suggest that these debts are the joint debts of Kay L. Tyree.

## ISSUE

Trustee argues that the only issue before this Court is whether Debtor's homestead is exempt as to debts acquired prior to the acquisition of the homestead.

However, that statement of the issue simply begs the question which is before the Court. The issue before the Court is whether Debtor may claim the homestead as exempt property when Debtor's spouse is not the subject of a case under the Bankruptcy Code, and there are existing debts prior to the acquisition of the homestead.

## DISCUSSION

11 U.S.C. § 541 defines "property of the estate" as including "all legal or equitable interests of the debtor in property as of the commencement of the case," with exceptions which are not relevant to this decision.

However, pursuant to 11 U.S.C. § 522(b)(2)(B), an estate in joint tenancy may be treated as exempt property and removed from the bankruptcy estate. Said section permits a debtor to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

■ If only one spouse files a liquidation petition, the trustee's right to liquidate the debtor's interest is subject to the same limitations that state law places on the rights of judgment creditors when the state exempts the entire interest of the debtor.

11 U.S.C. § 522(b)(2)(B); *In re Hamilton,* 32 B.R. 337 (Bankr.M.D.Tenn.1983); *In re Ford,* 3 B.R. 559 (Bankr.D.Md.1980) aff'd 638 F.2d 14 (4th Cir.1981).

■ Iowa has opted out of the federal exemption design, as permitted by 11 U.S.C. § 522(b)(1). Iowa Code § 627.10 (1989).

Iowa Code § 561.16 (1989) provides that "the homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary."

Iowa Code § 561.21(1) (1989) modifies § 561.16 and provides that a homestead may be sold to satisfy debts acquired prior to the acquisition of the homestead but only to the extent a deficiency remains after exhausting all other nonexempt property of the debtor.

In interpreting the homestead statutes, the Iowa Supreme Court has held that they are broadly and liberally construed in favor of exemption. *In re Marriage of Tierney,* 263 N.W.2d 533, 534 (Iowa 1978). The homestead laws are intended to protect the family unit. *Id.; In re McClain's Estate,* 220 Iowa 638, 262 N.W. 666 (1935).

Debtor must assert his homestead rights and those rights available to him because of his wife's homestead rights at this time, or they may be waived. *Francksen v. Miller,* 297 N.W.2d 375, 377 (Iowa 1980).

In protecting the family unit, the Iowa Supreme Court has held that one spouse cannot be divested of homestead rights by judicial proceedings in which only the other spouse is the party. Homestead rights are indivisible and a spouse's homestead rights are not severable from those of the other. *Id.; Decorah State Bank v. Zidlicky,* 426 N.W.2d 388, 391 (Iowa 1988).

In *Merchants Mutual Bonding Company v. Underberg,* 291 N.W.2d 19, 21 (Iowa 1980), the Iowa Supreme Court stated:

Homestead rights are jealously guarded by the law. *Wright v. Flatterich,* 225 Iowa 750, 756, 281 N.W. 221, 223 (1938). Homestead laws are creatures of public policy, designed to promote the stability and welfare of the state by preserving a home where the family may be sheltered

and live beyond the reach of economic misfortune. 40 Am.Jur.2d Homestead § 4, at 118 (1968). Homestead rights are purely statutory and get their vitality solely from the provisions of legislative enactment.

There can be no splitting of homestead rights. The very nature of the doctrine makes such a result intolerable. It is just as destructive of family security to lose half the homestead as all of it. Therefore, if Elizabeth's homestead interest is not subject to execution, neither is Irwin's.

In the instant case, Mrs. Tyree did not join in Debtor's Chapter 7 petition. Therefore, Trustee cannot reach her homestead interest. Further, because the Trustee cannot reach Mrs. Tyree's interest, the Trustee cannot reach Debtor's interest in the joint homestead. See *Merchants Mutual Bonding*, 291 N.W.2d at 21.

Accordingly, Debtor may claim the homestead as exempt property notwithstanding the fact that Debtor has antecedent debt prior to his acquisition of his interest in the homestead.

IT IS ACCORDINGLY ORDERED that Trustee's objection to Debtor's claim of exemption is denied.