HERMAN BEYER, Appellant, v. MARGARET THOEMING, Appellee.

1. **Homestead: LIMITS OF EXEMPTION.** A homestead of between four and five acres of land will not be rendered liable to execution because of its lying partly within the limits of a city, if not a part of a city plat.

2. ——— : CONVEYANCE TO WIFE : CREDITORS. A judgment is not a lien upon the homestead of the judgment debtor, and the latter's conveyance of such property to his wife will not be deemed fraudulent as to the judgment creditor.

*Appeal from Scott District Court.* — HON. C. M. WATERMAN, Judge.

WEDNESDAY, OCTOBER 29, 1890.

THIS is an action in equity by which it is sought to subject certain real estate to the payment of a judgment

against Charles Thoeming, the husband of defendant. There was a trial upon the merits, and a decree for the defendant. The plaintiff appeals.

*D. B. Nash* and *J. F. Atwill*, for appellant.

*Ernst Claussen*, for appellee.

ROTHROCK, C. J.—I. The land in controversy consists of four and sixty-three-hundredths acres lying

1. HOMESTEAD: limits of exemption.

partly within and partly without the corporate limits of the city of Davenport. That part within the limits is not platted into town lots, streets or alleys, and does not abut on any street of the city. The land is in one body, and is used for agricultural purposes, excepting a small part upon which is situated a dwelling-house, with appurtenant buildings and yards. The defendant and her husband took up their residence on the land more than seventeen years ago, and it is claimed to be their homestead. That it has been their homestead cannot be disputed. The fact that part of the land is within the city limits does not limit the extent of the homestead, because no part of it is within the city plat. *McDaniel v. Mace*, 47 Iowa, 509.

II. The legal title to the land was in the defendant's husband, and while it was occupied as a homestead

2. ——: conveyance to wife: creditors.

by the defendant and her husband, and on the twenty-sixth day of May, 1886, the plaintiff recovered a judgment in the Scott district court, against the husband. On the same day Thoeming conveyed the property to the defendant. The plaintiff commenced this action to subject the land to the payment of the judgment. The defendant and her husband failed to appear to the action, and a decree was entered against them by default. Upon motion of the defendant, the decree as to her was set aside, and she filed an answer setting up her homestead right, and that the said judgment never was a lien upon the premises by reason of the homestead character of the same. The foregoing are the material facts in the case.

There is no dispute that, when the judgment was rendered, and when the debt upon which it was founded was contracted, the land was the homestead of the defendant and her husband. Under this state of facts the judgment was no lien upon the property, and it never became a lien. The defendant's husband could not defraud his creditors by conveying it to his wife, nor to any other person, for the very good reason that his creditors had no right to subject it to the payment of any debts contracted after the homestead right attached. *Delashmut v. Trau*, 44 Iowa, 613; *Officer v. Evans*, 48 Iowa, 557; *Aultman v. Heiney*, 59 Iowa, 654; *Butler v. Nelson*, 72 Iowa, 732. Counsel for appellant appear to be of the opinion that the defendant was in some way precluded from asserting the homestead right because the default was not set aside as to her husband. The setting aside of the default as to the defendant operated to restore to her any right of which she may have been temporarily deprived by reason of the default. Besides, under the rule of the above cases, if the land was a homestead, she had the right to take the conveyance, even if she had been a stranger.   AFFIRMED.