E. PAUL FREIER et al., Appellants, v. LARIMORE B. LONGNECKER et al., Appellees, PENN MUTUAL LIFE INSURANCE COMPANY, Intervenor.

No. 44949.

November 14, 1939.

Rehearing Denied March 16, 1940.

Shull & Stilwill, Carlos W. Goltz, and C. N. Jepson, for appellants.

Kenneth T. Wilson and Francis S. Wilson, for appellees.

Milchrist & Marshall, for intervenor.

Richards, J.—We will first relate the underlying factual matters that are set out in plaintiffs' petition. In August, 1934, Mary Jane Purslow Miller died testate. On September 21, 1934, her will bearing date January 9, 1934, was allowed to probate in the Woodbury district court and defendant Genevieve Longnecker, daughter of testatrix, was appointed as executrix of the estate. Plaintiffs set out this will as a part of their petition.

368

The portion of the will that is material to the cause of action plaintiffs seek to allege is in the following words:

"II. I hereby give, devise and bequeath to my daughter, Genevieve Longnecker, all of my property of every character and description, wherever situated, of which I may die seized or possessed, in trust only, to invest and keep the same invested with the power to change and vary the investments from time to time by selling any part and reinvesting the proceeds, and with the additional power to mortgage, or renew the existing mortgage upon, any piece of property belonging to the trust estate, without being under the necessity of applying to a court for authority to sell or mortgage or renew a mortgage, and after paying all taxes, charges and expenses in connection with the trust property, and with the execution of the trust, including such compensation, not exceeding $10,000.00 per annum in the aggregate, as the Court shall from time to time allow for her services and for such additional services as she may deem necessary, and to invest and reinvest the net income and add the same to the trust estate, and she shall so continue to hold, manage and conserve the trust estate until it is finally disposed of as herein provided.

"I have two grandchildren; namely; Larimore Purslow Longnecker and Jana Jeanette Longnecker, son and daughter of said Genevieve Longnecker and her husband L. B. Longnecker. As each of the said grandchildren attains the age of forty years, the trustee shall assign and transfer to him or her an undivided one-fourth of the trust estate. If, and when, the said Genevieve Longnecker shall pay or discharge or cause to be paid or discharged, or in the event the same shall become barred, obligations owing by her to judgment creditors in Los Angeles, County, California, present or future, including the judgment of Albert K. Isham, and the judgment of E. Paul Freier, and judgment creditors, if any, in Woodbury County, Iowa, present or future, she shall for the remainder of her life be entitled to the income from one-half the trust estate, the remainder of said one-half, subject to the foregoing, to become the property of the said grandchildren, share and share alike. Upon the decease of the said Genevieve Longnecker, or in the event she fails to pay or discharge, or cause to be discharged, each and all of the judgments against her, or in the event they

do not become barred, then the entire trust property shall go to the said grandchildren, share and share alike, as each attains the age of forty years.

"It is my intention in thus making provision for my daughter, Genevieve Longnecker, and the devise is made to her upon the condition, that no interest shall so vest in her that it shall become liable in any way for the claims of judgment creditors.

"In the event that either of my said grandchildren shall die without issue, the portion of my estate which would otherwise go to the one deceased, shall go to the survivor. If either shall die with issue, his or her share shall go to such issue, share and share alike, but in no event shall it vest free from the trust prior to attaining the age of twenty-one years.

"III. I hereby bequeath to Mary Listman the sum of $100.00 per month, the same to be paid to her monthly out of the trust estate, as long as she lives."

These further matters are alleged in the petition. In November, 1933, plaintiffs recovered a judgment in one of the courts of California against Genevieve Longnecker et al. Bringing an action at law thereon in the Woodbury district court plaintiffs recovered a judgment against the same parties including Genevieve Longnecker on September 29, 1936. The instant suit in equity was brought on August 5, 1938. In addition to what has already been stated the petition in the instant suit contained a description of the real property of which the testatrix died seized. The prayer of the petition was that the interest of Genevieve Longnecker in the real estate so described be ascertained and subjected to the satisfaction of the plaintiffs' Woodbury district court judgment. With respect to Genevieve Longnecker having interests in said real estate, the petition alleged that it was the evident intent of testatrix by the terms of her will to place the legal title and entire beneficial interest in said estate in Genevieve Longnecker. In another paragraph of the petition it is alleged that "Genevieve Longnecker could not by the said instrument lawfully become the trustee and beneficiary at the same time, and by reason of such fact a life estate in half of said properties, if not the fee simple title to the whole thereof, became vested in her immediately on the death of her mother, and subject to the lien of plaintiffs'

said judgment.'' To this petition defendant Genevieve Long-necker individually and as executrix and trustee, as well as others of the defendants, filed a motion to dismiss. From the order sustaining this motion and the resulting judgment rendered against plaintiffs they have appealed.

One of the grounds of the motion was, in substance, that the petition shows that the will created no interest in favor of Genevieve Longnecker which can be reached by plaintiffs as her creditors, and consequently the petition fails to state a cause of action. The question is presented whether it was erroneous to sustain the motion on this ground.

Plaintiffs urge there was such error because the will shows an intention to repose the entire beneficial interest in the estate in defendant Genevieve Longnecker and shows that no enforceable duties were cast upon her as trustee and shows that no trust was created. The intentions of a testator must be ascertained from the terms of the will and the intentions of the testator must prevail. In the matter of doubtful construction circumstances surrounding the execution of the will may be shown to aid in determining what the testator meant by the language he used. Starr v. Newman, 225 Iowa 901, 281 N. W. 830; In re Will of Tinsley, 187 Iowa 23, 174 N. W. 4, 11 A. L. R. 826. But nothing of doubt appears in the will before us concerning the meaning of the language used. From a reading of this will, in the light of these authorities, the necessary conclusion is that the instrument itself indicates no intention to repose the entire beneficial interest in Genevieve, and does in fact cast enforceable duties upon her as trustee, and indicates an intent to establish a trust. This is so obvious that we need not point out in detail the several provisions and directions contained in the will that negative the contention made by plaintiffs as above stated. Concerning this conclusion, that the instrument compels, plaintiffs in their argument have little to say. That on which they do rely, as evincing an intention on part of testatrix to vest the entire beneficial interest in the estate in Genevieve Longnecker, consists of certain matters, extraneous to the will, that are alleged in the petition. The substance of these allegations is that Genevieve Longnecker, assuming to act as trustee, has sold certain of the estate's real property, has mortgaged other portions, and has expended the proceeds so

acquired for her own individual purposes at her own discretion; also that she is making no effort to segregate any part of the income from the estate but in various ways is expending and appropriating the same. Plaintiffs have cited no authorities nor does it appear to us there could be any, sustaining the proposition that the conduct of a testamentary trustee is a material evidential matter in the determining of the intentions of the testator as expressed in his will. In the instant case the trustee's conduct would not be a circumstance surrounding the execution of the will. The alleged doings by the trustee transpired after testatrix had departed this life. In these allegations respecting the conduct of the trustee we find nothing that affects the issues before us.

It is further urged by plaintiffs that the court erred in sustaining the above-stated ground of the motion because, say plaintiffs, ''by the terms of the will, independent of these extraneous circumstances, no trust was created, and title vested in Genevieve.'' In support of this proposition plaintiffs cite authorities, but they favor us with little or no statement or argument concerning the application of the cited cases to the facts and record in this case. Seemingly plaintiffs' theory is that there was a merger of the title of Genevieve Longnecker as trustee with the interest she had as a beneficiary, resulting in extinguishment of the trust. In applying this theory plaintiffs reach the conclusion that, as a result of the alleged merger, the title to the entire estate that Genevieve had as trustee merged with Genevieve's equitable interest in the entire estate as beneficiary, whereby the trust was terminated and extinguished and the estate became Genevieve's. But with this we are not in accord. The will did not repose in Genevieve the beneficial interest in the entire estate as plaintiffs assume. The estates were not commensurate with each other. Sagendorph v. Lutz, 286 Mich. 103, 281 N. W. 553. Further, in equity the doctrine of merger will not be invoked in cases where there is a reason for keeping the estates separate. Curtis & Barker v. Central University, 188 Iowa 300, 176 N. W. 330; Sherlock v. Thompson, 167 Iowa 1, 148 N. W. 1035, Ann. Cas. 1917A, 1216. Such a reason appears here—a merging would frustrate almost completely the expressed intentions of testatrix.

Though the arguments of plaintiffs are directed quite en-

tirely to the proposition that through merger the whole and entire estate vested in Genevieve Longnecker, we have given consideration to another possible phase of plaintiffs' petition. And as to that phase we discovered neither in plaintiffs' cited authorities nor elsewhere any pronouncements warranting a holding that the trustee's title to the income must be viewed as having been merged with Genevieve's interest as a beneficiary in one half of the income. It is to be noted that such beneficial interest as was Genevieve's, and the acquisition thereof by her, was subject to and dependent upon a condition imposed by testatrix. The impediments between Genevieve and a realization of the benefaction, that is, the outstanding judgments, still exist. We are of the opinion that the principles laid down in the cases already cited would be contravened were we to hold that equity will apply the doctrine of merger to the facts in this case in such manner as to confer on the beneficiary an enlarged estate unaffected by the condition, and thereby defeat the condition the testatrix definitely imposed. Our conclusions make it unnecessary to discuss whether in the case at bar there was an instance of such uniting of title and interests as to render the doctrine of merger applicable at all.

The district court rightly ruled on the motion. Plaintiffs electing to stand on their pleading, the judgment was properly entered. There appears to be no necessity for discussion of the merits of grounds found in the motion other than the one we have considered. The order and judgment from which plaintiffs have appealed are affirmed.—Affirmed.

HAMILTON, MILLER, HALE, SAGER, BLISS, STIGER, and MITCHELL, JJ., concur.