**MERCHANTS MUTUAL BONDING COMPANY, Plaintiff,**

v.

**Irwin H. UNDERBERG, Appellant,**

**and**

**Virgil G. Wilson and Lois R. Wilson, Appellees.**

**Elizabeth Janet UNDERBERG, Appellee,**

v.

**MERCHANTS MUTUAL BONDING COMPANY, Plaintiff,**

**and**

**Virgil G. Wilson and Lois R. Wilson, Appellants.**

**Nos. 63415, 63656.**

Supreme Court of Iowa.

April 23, 1980.

---

■

B. V. Willie, Eagle Grove, for appellant Irwin H. Underberg.

Maurice C. Breen of Breen & Breen, Fort Dodge, for Virgil G. Wilson and Lois R. Wilson.

Larry E. Ivers, Eagle Grove, for Elizabeth Janet Underberg.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP, and McGIVERIN, JJ.

LeGRAND, Justice.

This is a consolidated appeal which raises interesting questions concerning the alleged waiver of homestead rights by Irwin H. Underberg and his wife Elizabeth Janet Underberg. The trial court ruled the homestead interest of Irwin H. Underberg was subject to levy and execution sale to satisfy a judgment against him but that the homestead interest of Elizabeth Janet Underberg was exempt. There is an appeal from each of these orders. We reverse the trial court on the appeal of Irwin H. Underberg and affirm the trial court on the appeal of Virgil B. Wilson and Lois R. Wilson.

I. Irwin H. Underberg operated a brokerage business under the name of Underberg Brokerage. In 1974 he applied for a bond with Merchants Mutual Bonding Company (Merchants) to secure his obligation as a grain dealer in accordance with the laws of this state. The bond was issued with Virgil B. Wilson and Lois R. Wilson (Wilsons) agreeing to indemnify Merchants for any loss sustained under the bond. Later Merchants sued Irwin H. Underberg and both Wilsons under the provisions of the bond and obtained judgment against all three in the amount of $15,000.00. The Wilsons paid the judgment and Merchants assigned to them "all claims [it has] as plaintiff" in this action. Those claims were against Irwin alone; no claim was asserted against Elizabeth. Thus Merchants no longer has an interest in this matter. The dispute is between the Underbergs and the Wilsons. The Wilsons seek to recover the amount they paid as indemnitors. The sole question here is whether they have recourse against the Underberg homestead to satisfy this obligation.

The bond application upon which this case is premised contained, among other things, a provision that the homestead of Irwin H. Underberg and Elizabeth Underberg "may be sold on execution to satisfy any indebtedness arising under this agreement or any judgment rendered" pursuant thereto. The application also provided that it should be liberally construed to fully protect and in-

demnify each of the sureties and their successors.

The trial court made two separate orders in this matter. First, it decreed Irwin had waived his homestead rights in the bond application and held his interest in the homestead subject to levy and sale. Next, upon Elizabeth's petition of intervention, the court decreed her homestead interest was not subject to levy and sale. We consider first the question of Wilsons' appeal of the order holding the homestead interest of Elizabeth exempt from execution. We consider this to be dispositive of the case.

## II. *The Homestead Interest of Elizabeth Janet Underberg.*

Irwin and Elizabeth hold title to the homestead as joint tenants. All of the consideration for its purchase came from Irwin.

When suit was started to enforce the obligations of the bond, Elizabeth was not made a party. The action by Merchants was against Irwin and the Wilsons. No judgment has ever been rendered against Elizabeth. As far as the record before us discloses, she has no obligation under the bond and there is no claim that she has.

■ In order to prevail Wilsons must establish that Elizabeth pledged her homestead interest to pay off her husband's obligation. The bond application can have no such far reaching effect. At best, it might be held to make the homestead subject to payment of *her* indebtedness. But she has no indebtedness. We decline to say that the alleged waiver subjects the homestead to execution for debts other than her own. Having judicially determined only Irwin's liability, Wilsons cannot now summarily appropriate Elizabeth's property to satisfy that judgment.

It is unnecessary to consider whether there has been a waiver of Elizabeth's homestead rights because her property, whether a homestead or not, is not subject to execution for Irwin's debts. We hold the trial court was right in so ruling, although our reasons differ somewhat from those expressed in the order.

## III. *The Homestead Interest of Irwin H. Underberg.*

We must now decide if Irwin's homestead interest was effectively waived, making it subject to execution. The trial court said it was, but our conclusion under Division II compels a reversal.

■ Homestead rights are jealously guarded by the law. *Wright v. Flatterich,* 225 Iowa 750, 756, 281 N.W. 221, 223 (1938). Homestead laws are creatures of public policy, designed to promote the stability and welfare of the state by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune. 40 Am.Jur.2d *Homestead* § 4, at 118 (1968). Homestead rights are purely statutory and get their vitality solely from the provisions of legislative enactment.

■ There can be no splitting of homestead rights. The very nature of the doctrine makes such a result intolerable. It is just as destructive of family security to lose half a homestead as all of it. Therefore if Elizabeth's homestead interest is not subject to execution, neither is Irwin's.

We believe this is at the very foundation of our homestead law. The trial court's order holding Irwin's interest subject to execution and Elizabeth's exempt creates a situation which defeats our established public policy. For language supporting this view see *Hostetler v. Eddy,* 128 Iowa 401, 406, 104 N.W. 485, 487 (1905) (contract for sale of homestead void as to one spouse is also void as to the other). A creditor who seeks to satisfy his debt out of a homestead must be certain he has a right against the *whole* property, not just part of it.

IV. Apparently there is still pending in district court the Wilsons' cross-petition against Elizabeth. If that proceeding results in judgment against her and execution is again levied on the Underberg homestead, the court must then determine if there has been a waiver of homestead rights under section 561.21, The Code, as the Wilsons claim. We do not decide that question now.

22

V. In view of the result reached, we need not consider any other matters raised. The order on Irwin's appeal (No. 63415) is reversed; the order on Wilsons' appeal (No. 63656) is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.