**In re MARRIAGE OF Mary ARMETTA and Michael Joseph Armetta,**

**Upon the Petition of Mary Armetta, Petitioner–Appellant,**

**And Concerning Michael Joseph Armetta, Respondent–Appellee.**

No. 86–1783.

Court of Appeals of Iowa.

Oct. 28, 1987.

Michael J. McCarthy, of McCarthy & Lammers, Davenport, for petitioner-appellant.

Mark D. Cleve, of McDonald, Stonebraker & Cepican, Davenport, for respondent-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

The issue in this appeal is whether a homestead is exempt from execution for a child support judgment entered after the homestead was acquired where the child was born prior to the acquisition of the homestead. We must determine whether an obligation to support one's child becomes a debt within the meaning of Iowa Code section 561.21 (1985)[1] at the child's birth.

Amoreen Armetta was born to Michael and Mary Armetta in June 1975. In 1977 Michael and Mary acquired the homestead. When Michael and Mary were divorced in 1980 the homestead was awarded to Michael and Michael was ordered to pay child support. The child support is delinquent. Mary has sought to collect delinquent support in other manners. Finally Mary sought to levy on Michael's homestead. Upon Michael's motion the trial court quashed the execution on the ground Michael obtained the homestead before the judgment for support was rendered. The trial court determined only a judgment for child support is a debt within the meaning of section 561.21(1).

---

1. Section 561.21 provides in part: The homestead may be sold to satisfy debts of each of the following classes: 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

The term debt is indefinite and variable in meaning and the meaning attached to it in a given case is largely dependent on its context. The term debt as used in the homestead statute may vary in its meaning from that given it in other contexts. *Smith v. Andrew*, 209 Iowa 99, 101, 227 N.W. 587, 588 (1929). In interpreting the definition of debt under section 561.21 the Iowa court determined the public policy underlying rules dictating exempting property from the legal process in a claim against a parent is not applicable to a claim for child support. The public policy underlying child support recovery laws rises higher than our policy to jealously guard homestead rights. *In re Marriage of McMorrow*, 342 N.W.2d 73, 76 (Iowa 1983). In *McMorrow* the court was faced with determining when a child support order made in a 1979 decree, but not defaulted upon until 1981, became a debt under section 561.21. The *McMorrow* court concluded "at the very least that obligation became a judgment debt when the dissolution decree was entered." *McMorrow*, 342 N.W.2d at 77.

We determine Michael's debt to support his child was incurred at her birth. We determine the homestead is subject to judicial sale for the delinquent child support obligation. We reverse the trial court and remand for further proceedings consistent with this opinion.

Michael has not filed an appellee's brief. We have therefore limited our consideration of issues to those raised in Mary's brief. We did not go beyond the controverted rulings of the trial court in looking for theories upon which to affirm the decree. *See State ex rel. Buechler v. Vinsand*, 318 N.W.2d 208, 209 (Iowa 1982); *Pierre v. Iowa Dep't of Social Servs.*, 334 N.W.2d 359, 360 (Iowa App.1983).

REVERSED AND REMANDED.

SNELL, J., takes no part.