Wayne ADAMSON, Plaintiff,

and

Linda Adamson, Plaintiff–Appellant,

v.

Bob E. RICE, Sheriff of Polk County, and Pamela Adamson, Defendants–Appellees.

No. 90–822.

Court of Appeals of Iowa.

Oct. 29, 1991.

Robert D. Hall, Ankeny, for plaintiff-appellant.

Michael J. O'Keefe, Asst. County Atty., for defendant-appellee Bob Rice.

Gary R. Hassel, Des Moines, for defendant-appellee Pamela Adamson.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

█ The issue in this appeal is whether a father's homestead is exempt from execution for a child support obligation where he is remarried and his current wife received no notice of the execution. The trial court held an after-acquired homestead may be subject to judicial sale to pay delinquent child support and the second wife was not entitled to notice. We reverse and remand.

In April 1981 Wayne and Pamela were divorced. As part of the decree Wayne was ordered to pay child support for their two children of $25 per week per child. In addition, Wayne was awarded a parcel of unimproved land in Des Moines.

Wayne married Linda in June 1981, and they lived in a house owned by Linda. In February 1982 Linda's house burned. Wayne then conveyed the unimproved lot to himself and Linda as joint tenants; Linda used the insurance proceeds to build a house on the lot. Linda knew of the child support encumbrance at the time the real estate was conveyed.

On April 23, 1985, the district court found Wayne was delinquent in his child support obligation to Pamela. To satisfy this obligation, Pamela eventually directed the sheriff through general execution to sell at public auction all of Wayne's right in the lot. Only Wayne was notified of these proceedings.

On August 10, 1989, the sheriff's sale was completed, and the lot was sold to Pamela for $14,899 plus costs. Later in August Wayne and Linda filed for a temporary and permanent injunction to stop the sale and levy. After a hearing, the district court entered its decree determining Linda's homestead interest in the lot was subordinate to Pamela's right to child support and that the sale was proper. Only Linda has filed an appeal.

Linda contends the trial court erred in permitting the execution sale of the homestead and in not requiring that she be given notice of the sale. She also argues in the alternative that if the sale was proper the trial court failed to determine the extent of her interest in the real estate sold and to limit the sale to her husband's interest.

█ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

█ Linda states the real estate levied upon had been her homestead as well as that of her minor child by a prior marriage, two minor children of her present marriage, and Wayne since April 1, 1983. The public policy underlying child support recovery laws rises higher than our policy to guard homestead rights. *In re Marriage of McMorrow,* 342 N.W.2d 73, 76 (Iowa 1983); *In re Marriage of Armetta,* 417 N.W.2d 223, 224 (Iowa App.1987). We agree. However, fundamental legal principles also must apply. Linda was not a party to the execution judgment and received no notice of the sale of her homestead. We determine the sheriff's execution is valid against Wayne, but not against Linda.

There can be no splitting of homestead rights. The very nature of the doctrine makes such a result intolerable.... A creditor who seeks to satisfy [a] debt out of a homestead must be certain [to have] a right against the *whole* property, not just part of it.

*Merchants Mut. Bonding Co. v. Underberg*, 291 N.W.2d 19, 21 (Iowa 1980).

In this case Pamela has not established a right against both Linda and Wayne. Linda's rights cannot be adjudicated unless she is made a party to the action. *Francksen v. Miller*, 297 N.W.2d 375, 378 (Iowa 1980); *Chase v. Abbott*, 20 Iowa 154, 160 (1866). We believe the sheriff's sale has not affected her property interest in her homestead. *See* 40 C.J.S. *Homestead* § 103 (1991). Pamela must join Linda as a party to the enforcement of the judgment in order to get any interest. *Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 391 (Iowa 1988). The fact that Linda's homestead interest is not subject to execution prevents execution of Wayne's homestead interests. *Id.; see In re Carstens*, 8 B.R. 524 (Iowa 1981) (if one of joint tenants' homestead interest is not subject to execution, entire homestead is exempt; creditors may not sell or execute to satisfy obligations of other joint tenant).

We reverse the trial court's denial of the injunction because there has been no adjudication of Linda's rights and Wayne's homestead rights cannot be split from Linda's.

REVERSED.