# IN THE COURT OF APPEALS OF IOWA

No. 15-0693
Filed December 23, 2015

**THOMPSON FAMILY HOLDINGS, LLC,**
Plaintiff-Appellee,

**vs.**

**JAMES MARTIN and FRANK MARTIN III,**
Defendants-Appellants.

_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

Brothers, who received certain real estate by an executor's deed from their grandmother's estate, appeal the district court's decision granting summary judgment to the successor in title to a sheriff's deed to the same property. **AFFIRMED.**

Jonathan Kramer of Whitfield & Eddy, P.L.C., Des Moines, for appellants.

Catherine E. Hult of Lane & Waterman, Davenport, for appellee.

Heard by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

James Martin and Frank Martin III (the Martins) appeal the district court's decision granting summary judgment to Thompson Family Holdings, LLC (Thompson), in its quiet title action regarding certain real property located in Linn County. On appeal, the Martins claim the court incorrectly determined a 1992 sheriff's deed conveyed their grandmother's interest in the property despite the fact their grandmother's estate was not made a party to the foreclosure proceedings. Instead, the Martins assert Iowa Code section 633.93 (2013) acts to protect their 1994 executor's deed as superior title. They also challenge the court's interpretation of Iowa Code section 614.22. Finally, the Martins claim the district court erred in finding equitable considerations applied to quiet title in favor of Thompson.[1] Because we agree with the district court that section 614.22 applies to make the sheriff's deed unassailable, we affirm the district court's grant of summary judgment and remand for the entry of the final judgment in Thompson's favor.

**I. Background Facts and Proceedings.**

The property in question was conveyed to Helen M. Martin by warranty deed recorded in 1968. In 1986, Helen transferred a one-third undivided interest

---

[1] We note the Martins filed their notice of appeal following the district court's ruling on the cross-motions for summary judgment. No final judgment had been entered at the time the notice of appeal was filed, and the district court had directed Thompson to submit a proposed decree to "effectuate the relief sought in the petition and that sets forth an accurate procedural history for the action." The appeal therefore is interlocutory in nature. However, when a notice of appeal is filed rather than an application for interlocutory appeal, the action shall not be dismissed but should proceed as if the proper form of review had been sought. Iowa R. App. P. 6.108. By an order before the case was transferred to this court, the supreme court directed the notice of appeal was to be considered an application for interlocutory appeal and granted the application. We will thus proceed to address the merits.

in the property to her two sons, Frank Lewis Martin II (Frank II) and Michael Frank Martin, as tenants in common. Michael died in 1987 and was survived by his wife, Diane G. Martin, and five children. The entire property was mortgaged to Merchants National Bank of Cedar Rapids (the Bank) that same year by Helen, Frank II, and Michael's Estate by the executor, Diane, for $400,000 to secure debt to Martin Brothers Equipment and Supply Company. Helen died in 1990, and her son, Frank II, was appointed executor. Under Helen's will, the property, along with the residuary of Helen's estate after payment of debts and burial expenses, was devised one-half to Frank II and one-half to Michael's five children.

Five months after Helen's death, the Bank initiated foreclosure proceedings on the entire property. The Bank named as defendants Frank II, individually; Frank II's wife; Diane, individually and as executor of Michael's estate; Michael's five children; and the corporate entities of the parties—Twenty-Seven Ten, Inc.[2] and Martin Brothers Equipment and Supply Company. The petition specifically identified the mortgage Helen executed on her two-thirds interest in the property in question, along with the mortgages signed by Frank II and Michael's estate's executor (Diane) for their one-third interest. It also noted that Frank II and Michael's children were named as party defendants because of their interest in the subject property by virtue of being beneficiaries under Helen's will.

---

[2] The only asset of this company was the real estate in question and the building used by Martin Brothers Equipment and Supply Company. Helen owed approximately 61% of the corporation at the time of her death.

The final report, filed July 16, 1992, in Helen's estate, stated her two-thirds interest in the property had been foreclosed in a judgment entered in October 1991. It also stated the property had been sold at sheriff's sale on December 27, 1991. A sheriff's deed was issued to the foreclosing bank in June 1992 describing the entirety of the property in question. Firstar Bank of Cedar Rapids, N.A, as successor in interest to Merchant's, then conveyed the property to the Small Business Administration, which then conveyed it to Edmund F. Conroy and Carol A. Conroy in 1993. The Conroys conveyed the property by quit claim deed to Claddagh, L.C., in 1993.

Meanwhile, four of Michael's five children objected to the final report entered in Helen's estate, raising claims against Frank II alleging mismanagement of the estate, particularly the property in question and Helen's stock in Twenty-Seven Ten, Inc. In its ruling on the objection, the court noted Helen's estate was not made a party to the foreclosure proceedings, and therefore, the stock in Twenty-Seven Ten, Inc. remained to be resolved. A motion to amend or enlarge was overruled by the court, and both Frank II and four of Michael's children appealed. However, that appeal was dismissed by agreement of the parties, and a supplemental final report was filed in Helen's estate noting Michael's children each received a sum of $24,000 in full satisfaction of any and all claims against the estate. All other estate assets passed to Frank II as the remaining sole beneficiary. Then Frank II, as the executor, sold the property in question to his sons, Frank III and James (the Martins), for less than $500 by an executor's deed dated and filed on March 2,

1994. The court approved the supplemental final report and closed Helen's estate on March 4, 1994.

Claddagh, L.C. held the property from 1993 until 2008 when it sold the property to Thompson on contract. A special warranty deed given in satisfaction of the contract was recorded December 28, 2012.

Thompson filed a petition to quiet title on March 15, 2013, seeking to remove the cloud on the title created by Frank II's conveyance of the property by executor's deed to his sons, the Martins, in March 1994.[3] Both parties filed respective motions for summary judgment. The court issued its decision March 25, 2015, granting summary judgment in favor of Thompson. The court concluded under Iowa Code section 614.22(2) the 1992 sheriff's deed was a valid and unimpeachable conveyance of title where no action to challenge the deed was filed within ten years of the recording of the deed. The court concluded there was no interest for Helen's estate to convey because the sheriff's deed conveyed the interest to the Bank and this conveyance was not timely challenged. Because the court found section 614.22 dispositive, it did not reach the issues of the effect of sections 633.350, 614.17A(1), or 633.93. However, the court did go on to find that the equitable principles of laches and estoppel applied to prevent the relief the Martins sought. The court noted Thompson's predecessors in title had been in exclusive possession of the

---

[3] As part of the quiet title action, Thompson sought to reopen Helen's estate. The estate was reopened by the district court, but on appeal to this court, the estate was ordered closed because "resolving the effect of the deed held by the Martins on Thompson's record title requires the Martins as necessary parties but does not require the estate." *In re Estate of Martin*, No. 14-0474, 2014 WL 7343756, at *7 (Iowa Ct. App. Dec. 24, 2014).

property since 1992, maintaining the property, paying all applicable taxes and assessments, and investing money into the property. The court concluded it would be "unfair and wrong" to award the Martins an interest to the property when Thompson "has so obviously provided all care and maintenance of the property since 1992."

## II. Scope and Standard of Review.

While an action to quiet title is heard in equity, normally making our review de novo, our review in this case is for correction of errors at law since we are reviewing the district court's grant of summary judgment to Thompson. *See Baratta v. Polk Cty. Health Servs.*, 588 N.W.2d 107, 109 (Iowa 1999).

> Summary judgment is appropriate only when the entire record including pleadings, discovery and affidavits on file shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A "genuine" issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is "material" only when its determination might affect the outcome of the suit. In reviewing the grant or denial of a motion for summary judgment, we examine the evidence in a light most favorable to the nonmoving party.

*Id.* (internal citations omitted).

## III. Discussion.

The parties agree that the executor of Helen's estate was not named as a defendant in the foreclosure proceeding.[4] Frank II was named in his individual

---

[4] Iowa Code section 633.350 provides that upon a person's death title to real and personal property passes to those to whom it is devised by will or statute, subject to the possession of the personal representative and the control of the court for purposes of administration, sale, or other disposition. *See also DeLong v. Scott*, 217 N.W.2d 635, 637 (Iowa 1974) ("The rule has long been established in Iowa that title to a decedent's real property passes instantly to devisees under his will and, in the absence of a will, to statutory heirs, subject to possession by the decedent's personal representative during probate proceedings for purposes of administration, sale, or other disposition under

capacity, as were the other five heirs—Michael's five children. However, it is undisputed the executor and all heirs had actual notice of the foreclosure proceedings, as well as the sheriff's sale, as this information was contained within both the final report and the supplemental final report filed in Helen's estate. In addition, it is clear the executor of Helen's estate and the heirs were aware of the problem with the Bank failing to name the executor as a defendant in the foreclosure proceeding. However, neither the executor nor the heirs brought an action to challenge the sheriff's deed, which was recorded June 25, 1992, and the deed specifically conveyed all of the property in question, not just the one-third portion that had been mortgaged by Frank II and Michael's executor. Despite being aware of the foreclosure proceeding and the proceeding's impact on the ownership of the property in question, neither the executor nor any of the heirs brought an action to challenge the sheriff's deed within the time prescribed in section 614.22(2).

Iowa Code section 614.22(2)(a) provides:

> On and after January 1, 1992, an action shall not be maintained to set aside, cancel, annul, declare void or invalid, or to redeem from a tax deed, guardian's deed, executor's deed, administrator's deed, receiver's deed, referee's deed, assignee's deed, or sheriff's deed, if the deed has been recorded in the office

---

provisions of law."). Thus, the Martins are incorrect to assert that Helen's estate itself should have been made a party to the foreclosure proceeding. As the estate cannot own property, the estate itself had no interest in the foreclosure proceeding. It is the personal representative of the estate that should have been listed as a defendant in the foreclosure proceedings along with the heirs as the personal representative has the rights of the legal title holders for administration purposes only. *In re Estate of Ferris*, 14 N.W.2d 889, 899 (Iowa 1944) ("The administrator of an intestate estate takes possession of and administers its assets as an express trustee of the creditors, heirs, spouse, and others properly interested therein. He may have the rights of the legal title holders for administration purposes, but the equitable title and the beneficial interest in the residuum is in the spouse and heirs as fixed by the statutes of descent and distribution.").

of the recorder for more than ten years. The deed must be recorded in the office of the recorder of the county or counties in which the land described in the deed is situated. If an action under this subsection is not commenced within ten years of the recording of the deed, then the deed and all proceedings upon which the deed is based are valid and unimpeachable and effective to convey title as stated in the deed, without exception for infancy, mental illness, absence from the state, or other disability or cause.

Under the statute, the Martins were afforded ten years to challenge the sheriff's deed from the date it was recorded. They did not do so; instead, they only challenged the sheriff's deed in response to Thompson's quiet title action in 2013. Because more than ten years has passed since the sheriff's deed was recorded, it is now "valid and unimpeachable and effective to convey title as stated in the deed." Iowa Code § 614.22(2)(a). The sheriff's deed states it conveys the entirety of the property in question. The claims the Martins make challenging the validity of the sheriff's deed to convey Helen's two-thirds interest in the property are time-barred. *See Dahms v. Alston*, 34 N.W. 182, 182–83 (Iowa 1887) (noting a minor, who was not named as a defendant in a foreclosure proceeding, was time-barred from challenging the sheriff's deed).

The Martins claim that Iowa Code section 633.93 applies to protect their "executor's deed." That code section provides: "No action for recovery of any real estate sold by any fiduciary can be maintained by any person claiming under the deceased, the ward, or a beneficiary, unless brought within five years after the date of the recording of the conveyance." The executor's deed was recorded in 1994; thus the Martins claim their deed became unassailable in 1999, three years before the sheriff's deed became final under section 614.22. While the district court did not address the application of section 633.93, as it found section

614.22 dispositive, we conclude section 633.93 does not apply in this case. For section 633.93 to apply to protect the Martins' executor's deed, Thompson would need to be seeking recovery of the property *under* the deceased or a beneficiary. Such is not the case here. Thompson is claiming title to the property through a separate conveyance—the sheriff's deed—which was adverse to Helen's property interest, not through a conveyance from Helen or a beneficiary.

Finally, the Martins claim the district court erred in its determination that it would be inequitable to award title to the property to them. Because we affirm the district court's decision based on section 614.22(2)(a)'s application to bar the Martins from challenging the 1992 sheriff's deed, we need not address the district court's alternative equitable ruling. Therefore, we affirm the district court's grant of summary judgment and remand for entry of the final judgment in Thompson's favor.

**AFFIRMED.**